UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID VIALIZ

v.

LEO ARNONE

PRISONER
Case No. 3:11cv1636(VLB)

July 20, 2012

## RULING ON PENDING MOTIONS

The petitioner, David Vializ, was incarcerated at Willard-Cybulski Correctional Institution when he filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is now living in Hartford, Connecticut. He challenges his 2010 state court convictions for discharge of a firearm and possession of a pistol. The respondent moves to dismiss the petition on the ground that the petitioner has not exhausted his state court remedies as to any ground for relief. The petitioner has filed a motion for judgment in opposition to the motion to dismiss. For the reasons set forth below, the motion to dismiss will be granted and the motion for judgment is denied.

I.      Procedural Background

In mid-November 2009, Waterbury Police Officers arrested the petitioner on charges of illegal discharge of a firearm, criminal possession of a weapon and reckless endangerment in the first degree. On April 16, 2010, in the Connecticut Superior Court for the Judicial District of Waterbury, the petitioner pleaded guilty to one count of possession of narcotics in violation of Connecticut General Statutes § 21a–279(a) and one count of conspiracy to possess narcotics in

violation of Connecticut General Statutes §§ 53a–48 and 21a–279(a). A judge sentenced the petitioner to total effective sentence of five years of imprisonment, execution suspended after two years and followed by three years of probation. (See Pet. Writ Habeas Corpus at 1, 13-14.) The petitioner did not appeal the judgment of conviction.

On February 4, 2011, the petitioner filed a petition for writ of habeas corpus in state court claiming that he received ineffective assistance of counsel, his guilty plea was not voluntary, the court improperly sentenced him to a term of probation and the police subjected him to an illegal search and arrest. (See Mem. Supp. Mot. Dismiss, App. G, Pet. Writ Habeas Corpus.)[1] On December 14, 2011, the petitioner withdrew the state habeas petition. See Vializ v. Warden, TSR-CV11-4003961-S (Conn. Super. Ct. Dec. 14, 2011).

The petitioner filed the present action on October 20, 2011, the date he presumably handed the habeas petition and application to proceed in forma pauperis to prison officials for mailing to the court. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (holding a pro se prisoner habeas petition is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to

---

[1] The court takes judicial notice of documents filed in cases in other courts. See, e.g., Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157 (1969) (acknowledging that court "may properly take judicial notice of the record in [prior] litigation between the same parties"); Wells v. U.S., 318 U.S. 257, 260 (1943) (acknowledging that court may take judicial notice of habeas proceeding brought by same party in other federal courts); Henson v. CSC Credit Svcs., 29 F.3d 280, 284 (7th Cir. 1994) (collecting cases supporting use of public court documents in deciding a motion to dismiss).

the court) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). The Department of Correction discharged the petitioner on November 18, 2011, and he is now serving his three-year term of probation.

II.     Standard of Review

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems. *See Cotto v. Hebert*, 331 F.3d 217, 237 (2d Cir.1982).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32. Failure to exhaust may be excused only where "there

is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

III.    Discussion

The petitioner challenges his conviction and sentence on two grounds: (1) trial counsel afforded him ineffective assistance and (2) Waterbury Police Officers subjected him to an unlawful search and arrest. The respondent argues that petitioner has failed to exhaust his state court remedies as to any ground for relief. In his motion for judgment, the petitioner contends that the respondent has failed to show probable cause for his arrest and the exhaustion requirement has been satisfied.

As a preliminary matter, it is apparent that the petitioner believes that the court ordered the respondent to show that there was probable cause for his arrest in November 2009. The petitioner claims that he is entitled to judgment because the respondent did not address the issue of whether there was probable cause for his arrest. The petitioner's argument is without merit. The court's Order to Show Cause [Doc. No. 3] directed the respondent to file a response to the claims in the habeas petition. The respondent has complied with the Order to Show Cause by filing a motion to dismiss on exhaustion grounds. Accordingly, the petitioner's motion for default for failure to respond to the petition and the motion for judgment on the ground the that the respondent did not address whether there was probable cause for his arrest are denied.

4

With regard to the exhaustion of state court remedies as to the grounds in the present petition, the respondent claims that neither ground was raised on a direct appeal, but both grounds were raised by the petitioner in his state habeas petition.  The petitioner withdrew the state habeas petition in December 2011 and did not appeal the withdrawal to the Connecticut Appellate or Supreme Courts.  Thus, the court concludes that no claim in the current petition has been fully exhausted.

It is apparent that the petitioner believes that he need not exhaust the grounds in the present petition.  He relies on *Kimmelman v. Morrison*, 477 U.S. 365, (1986).  In that case, the United States Supreme Court held that the restriction on federal habeas review of Fourth Amendment claims does not extend to Sixth Amendment ineffective assistance of counsel claims founded primarily on incompetent representation with respect to a Fourth Amendment issue.  The court did not hold, however, that a petitioner need not exhaust his claim of ineffective assistance of counsel in state court prior to asserting the claim in federal court.  Thus, the petitioner' reliance on *Kimmelman* is misplaced.

The petitioner has not demonstrated that the state remedies are ineffective or inadequate to protect his rights. The petitioner's argument that he should be excused from exhausting his state court remedies because those remedies would be ineffective to protect his rights is without merit.  The petitioner contends that if the state court were to find in his favor on either of his claims and were to vacate his conviction and sentence and remand the case back to the trial court, he would

5

**be unable to raise his motion to suppress prior to any re-trial on the charges against him. Consequently, he would be unable to challenge his November 2009 arrest. Accordingly, the petitioner is not entitled to a waiver of the exhaustion requirement. Because the petitioner did not raise either of his claims on direct appeal or in a habeas petition to the Connecticut Appellate or Supreme Courts, the claims are unexhausted. *See Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990) ("[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition.") The respondent's motion to dismiss is granted. The petitioner's motion for judgment is denied.**

**IV.    Conclusion**

The Motion to Dismiss [Doc. No. 15] on the ground that none of the claims for relief have been fully exhausted is GRANTED. The petitioner's Motion for Default [Doc. No. 14] for failure to respond to the petition, the petitioner's Motion for Judgment [Doc. No. 22] in which he opposes the motion to dismiss and claims he is entitled to judgment and the petitioner's Motion [Doc. No. 24] requesting federal agents to go to the State of Connecticut Public Defender's Office to inspect the files of his trial and habeas attorneys are DENIED. The petition for writ of habeas corpus [Doc. No. 1] is DISMISSED without prejudice for failure to exhaust state court remedies.

As this is not a mixed petition containing unexhausted and claims, a stay of this action pursuant to *Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001)

would be inappropriate. *See id.* (When a petition contains both exhausted and unexhausted claims, the Court of Appeals for the Second Circuit recommends that the district court stay the exhausted claims and dismiss the unexhausted claims with a direction to the petitioner to timely complete the exhaustion process and return to federal court).

The court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling). The Clerk is directed to enter judgment and close this case.

SO ORDERED this 20th day of July, 2012, at Hartford, Connecticut.

_____/s/_____<br>
VANESSA L. BRYANT<br>
UNITED STATES DISTRICT JUDGE